BOERSCH SHAPIRO LLP
Martha Boersch (CA Bar No. 126569)
Mboersch@boerschshapiro.com
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 500-6640

Attorney for Defendant
Anthony Keslinke

FILED
JAN 05 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

**v.**

**ANTHONY KESLINKE,**

Defendant.

Case No. CR 14-00237 JST

**STIPULATION AND ~~[PROPOSED]~~ ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(7)(A))**

This case was set for a status conference on January 9, 2015, in Oakland. However, the court has moved the status conference to San Francisco as a result of construction in the Oakland courthouse. This move creates a conflict for defense counsel, who must be in Sacramento by 1 pm that day for a previously scheduled meeting. Therefore, the parties jointly request that the Court continue the status conference to January 30, 2015, at 9:30 a.m., which is the soonest that both counsel for the defendant and counsel for the government are available.

Furthermore, the parties agree that excluding time until January 30, 2015, would be appropriate to allow defense counsel time to review the large amount of discovery in the case. The

parties also agree that excluding time until January 30, 2015, would be appropriate based on continuity of counsel, given the counsel's schedules.

Therefore, the parties agree, and the Court finds and holds, as follows:

1. The defendant is currently out of custody.

2. Given the need for additional time for defense counsel to review discovery, an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv), is appropriate to allow for effective preparation of counsel, taking into account the exercise of due diligence. In addition, the Court finds that it is appropriate to exclude time based on continuity of counsel, given the government attorney's trial schedule. The defendant agrees to this exclusion on the condition that his right to bring motions claiming Speedy Trial Act violations prior to October 10, 2014, shall remain preserved.

3. Counsel for the defendant believes that the exclusion of time is in her client's best interest.

4. Given these circumstances, the Court finds that the ends of justice served by excluding the period from January 9, 2015 through January 30, 2015, outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

5. Accordingly, the Court orders that the period from January 9, 2015 to January 30, 2015, shall be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(7)(A) & (B)(iv).

6. The status conference is continued to January 30, 2015, at 9:30 a.m.

IT IS SO STIPULATED:

DATED: December 22, 2014

__________/s____________________
MARTHA BOERSCH
Attorney for Anthony Keslinke

DATED: December 22, 2014

__________/s____________________
AARON D. WEGNER
Assistant United States Attorney

**~~PROPOSED~~ ORDER**

Based on the stipulation of the parties and the record herein,

IT IS SO ORDERED.

DATED: 1/5/15

HON. JON S. TIGAR
United States District Judge